## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| FLOYD BEY, | ) | CASE NO. 8:09CV84 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| MASON DIXON INTERMODAL, | ) | |
| JOSEPH RUBINO, DENNIS FIGGINS, | ) | |
| and STEVE FIGGINS, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Defendants' Motions for Judgment on the Pleadings. (Filing Nos. 5 and 7.)  As set forth below, the Motions are granted.

### I.   BACKGROUND AND SUMMARY OF COMPLAINT

Plaintiff filed his Complaint in this matter on March 10, 2009, against Defendants Joseph Rubino, Dennis Figgins, and Steve Figgins (together, the "Individual Defendants") and Defendant Mason Dixon Intermodal.  (Filing No. 1.)  Plaintiff's Complaint is difficult to decipher.  As best the court can tell, Plaintiff alleges that he operates a small business in Douglas County, Nebraska, and Defendants operate a business in Pottawattamie County, Iowa.  (*Id.* at CM/ECF p. 1.)  Defendants allegedly "are in control of [] essential facilities" to which Plaintiff has been barred due to a separate "breach of contract" with Defendants. (*Id.* at CM/ECF p. 2.)  Plaintiff lost revenue as a result and believes he is entitled to a "settlement" as a result of Defendants' actions.  (*Id.* at CM/ECF pp. 2-3.)  Plaintiff cites "the Sherman Anti Trust Act," "the Clayton Act," and states that Defendants violated his rights under the Fourteenth Amendment to the U.S. Constitution and "Title 42 U.S.C. s 1981, 1983."  (*Id.* at CM/ECF pp. 1-2.)

Plaintiff seeks injunctive relief in the form of an order "preventing defendants from interfering with commerce." (*Id.* at CM/ECF p. 3.) Plaintiff also seeks damages in the amount of "Eight Million Eight hundred Thousand dollars." (*Id.*)

## II.    ANALYSIS

The Individual Defendants filed their Motion for Judgment on the Pleadings, arguing that they are entitled to judgment because the court lacks subject-matter jurisdiction over Plaintiff's claims. (Filing No. 6.) "A motion for judgment on the pleadings will be granted only where the moving party has clearly established that no material issue of fact remains and the moving party is entitled to judgment as a matter of law." *Waldron v. Boeing Co., 388 F.3d 591, 593 (8th Cir. 2004)* (quotation omitted). In evaluating a motion for judgment on the pleadings the court must "accept all facts pled by the nonmoving party as true and draw all reasonable inferences from the facts in favor of the nonmovant." *Id.* However, "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. Pro. 12(h)(3).

### A.    Federal Question Jurisdiction

Plaintiff states that he brings his claims pursuant to 42 U.S.C. § 1983 and cites other federal statutes. (Filing No. 1 at CM/ECF pp. 1-3.) Subject matter jurisdiction is proper where a plaintiff asserts a "non-frivolous claim of a right or remedy under a federal statute," commonly referred to as "federal question" jurisdiction. *Northwest South Dakota Prod. Credit Ass'n v. Smith, 784 F.2d 323, 325 (8th Cir. 1986).* Regarding Plaintiff's 42 U.S.C. § 1983 claims, he must show (1) the deprivation of a right secured by the Constitution or

2

laws of the United States, and (2) that a person acting under color of state law caused the deprivation. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). "The ultimate issue in determining whether a person is subject to suit under § 1983 is the same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights 'fairly attributable to the State?'" *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). Thus, an allegation that a private entity has deprived the plaintiff of a constitutional right fails to state a cause of action under 42 U.S.C. § 1983. *See, e.g., Pino v. Higgs*, 75 F.3d 1461, 1464-67 (10th Cir. 1996) ("To bring a claim under § 1983, a plaintiff must initially establish that a defendant acted 'under color of any statute, ordinance, regulation, custom, or usage, of any State' to deprive the plaintiff of 'any rights, privileges, or immunities secured by the Constitution and laws' of the United States. 42 U.S.C. § 1983.") (citations omitted). Therefore, if the actions of the defendant were "not state action, our inquiry ends." *Rendell-Baker*, 457 U.S. at 838. No matter the claim, and regardless of whether a plaintiff is represented or is appearing pro se, a plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

Plaintiff has not alleged that Defendants are state actors or that their alleged activities are "fairly attributable" to the state. Defendants are private individuals. Plaintiff does not allege, nor does anything before the court support a finding, that Defendants acted under color of state law in taking the actions alleged in the Complaint. Additionally, although Plaintiff includes citations to several other federal statutes including "the Sherman

3

Anti Trust Act" and the "the Clayton Act," he does not set forth any allegations supporting claims under those statutes or how his "breach of contract" allegations relate to these anti-trust statutes. Liberally construed, Plaintiff's allegations do not support federal question jurisdiction.

### B.    Diversity Jurisdiction

Subject matter jurisdiction is also proper pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction. For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means that "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Natl. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). In addition, the amount in controversy must be greater than $75,000.00 for diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a). Where a complaint "alleges a sufficient amount in controversy to establish diversity jurisdiction, but the opposing party or the court questions whether the amount alleged is legitimate, the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence." *Trimble v. Asarco, Inc.*, 232 F.3d 946, 959-60 (8th Cir. 2000) (quotation omitted) (*abrogated on other grounds by Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005)). In addition, "[n]o presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional claims." *Id.* (quotation omitted).

Here, Defendants challenged whether Plaintiff's allegations met the amount in controversy requirement. (Filing Nos. 6 at CM/ECF p. 4 and 10 at CM/ECF p. 4 ("The jurisdictional amount is not suggested.") It is therefore Plaintiff's burden to show that his

4

claims satisfy the amount in controversy.  However, Plaintiff did not file any response to the Motions for Judgment on the Pleadings and did not submit any evidence showing that he was injured by Defendants, or to what extent.  Plaintiff's only reference to the amount in controversy is his original demand for "Eight Million Eight hundred Thousand dollars" in the Complaint.  (Filing No. 1 at CM/ECF p. 3.)  Simply put, Plaintiff has not proven by a preponderance of the evidence that his claims meet the amount in controversy requirement.  In light of this, the court also lacks diversity jurisdiction.

IT IS THEREFORE ORDERED that:

1.      Defendants' Motions for Judgment on the Pleadings (Filing Nos. 5 and 7) are granted.  This matter is dismissed without prejudice to reassertion in the appropriate forum;

2.      A separate judgment will be entered in accordance with this Memorandum and Order; and

3.      All other pending motions are denied as moot.

DATED this 28th day of September, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.